**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Priority     ___
Send         ___
Enter        ___
Closed       ___
JS-5/JS-6    ___
Scan Only    ___

**CASE NO.:** <u>2:18-cv-09055 SJO (JCx)</u>    **DATE:** <u>April 8, 2020</u>

**TITLE:**    <u>Marcia Gayle v. John Borg, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING-IN-PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [ECF No. 43]

This matter is before the Court on Plaintiff Marcia Gayle ("Plaintiff" or "Gayle") Motion for an Award of Attorneys' Fees ("Motion"), filed on March 2, 2020.  (ECF No. 43.)  Defendants John Borg, Deborah Borg, Frederick Frakes, Nickey Frakes, and Minute Serve Dairy, Inc. (collectively, "Defendants") have not opposed the Motion.  The Court found this matter suitable for disposition without oral argument.  *See* Fed. R. Civ. P. 78(b).  For the reasons stated below, the Court **GRANTS IN PART** Plaintiff's Motion and awards $19,021.00 in attorneys' fees and $851 in costs.

**I.**    **BACKGROUND**

Plaintiff, a person with physical disabilities who uses a wheelchair for mobility, filed this lawsuit on October 22, 2018.  (Complaint, ECF No. 1.)  Plaintiff alleged Defendants, as owners and operators of the Minute Serve Dairy ("Gas Station") located at 3113 Rancho Vista Boulevard in Palmdale, California, failed to provide accessible parking stalls, access aisles, proper signage, and restroom mirrors at the Gas Station, both at the gas pumps and at the convenience store.  (*See generally* Complaint.)  The Court granted summary judgment to Plaintiff on February 10, 2020. (ECF No. 42.)  The Court held that Plaintiff was entitled to $4,000 in statutory damages and an injunction.  (*Id.* at 12.)  Having prevailed, Plaintiff filed the present Motion.

///

///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.:** <u>2:18-cv-09055 SJO (JCx)</u>                              **DATE:** <u>April 8, 2020</u>

**II.    LEGAL STANDARDS**

     A.    <u>Fees in ADA cases</u>

Under the ADA, a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorneys' fees, including litigation expenses and costs." 42 U.S.C. § 12205. A plaintiff is entitled to attorneys' fees only if the plaintiff is the "prevailing party." 42 U.S.C. § 12205. A plaintiff is the "prevailing party" if it has obtained relief through an enforceable judgment. *Barrios v. Cal Interscholastic Fed'n,* 277 F.3d 1128, 1134 (9th Cir. 2002).

     B.    <u>Lodestar method</u>

The district court uses the lodestar method to determine the appropriate amount of attorneys' fees. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The court calculates the lodestar figure by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate for the region and for the experience of the attorney. *City of Riverside v. Rivera*, 477 U.S. 561, 568-69 (1986); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009); *Intel Corp.*, 6 F.3d at 622. "In appropriate cases, the district court may adjust the "presumptively reasonable" lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S. Ct. 1726, (1976), that have not been subsumed in the lodestar calculation. The *Kerr* factors are:

    1) The time and labor required;
    2) The novelty and difficulty of the questions;
    3) The skill requisite to perform the legal services properly;
    4) The preclusion of other employment due to acceptance of the case;
    5) The customary fee;
    6) The contingent or fixed nature of the fee;
    7) The limitations imposed by the client or the case;
    8) The amount involved and the results obtained;
    9) The experience, reputation, and ability of the attorneys;
    10) The undesirability of the case;
    11) The nature of the professional relationship with the client; and
    12) Awards in similar cases.

*Intel Corp.*, 6 F.3d at 622 (internal citations omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.:** <u>2:18-cv-09055 SJO (JCx)</u>                              **DATE:** <u>April 8, 2020</u>

**III.    DISCUSSION**

As a preliminary matter, there is no dispute that Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 12205, that Plaintiff is the prevailing party, or that the parties' settlement agrees provides for attorneys' fees to be determined by the Court upon noticed motion.  Thus, the Court turns to the determination of the appropriate amount of fees and costs.

   A.    <u>Hourly Rates</u>

Plaintiff's counsel sets forth the following hourly rates:

| Name | Years of Experience | Hourly Rate |
|---|---|---|
| Mark Potter | 20 years | $595 |
| Phyl Grace | 22 years | $550 |
| Dennis Price | 8 years | $450 |
| Chris Carson | 5 years | $450 |
| Isabel Masanque | 8 years | $450 |
| Sara Gunderson | 7 years | $450 |
| Bradley Smith | 7 years | $400 |
| Jennifer McAllister | 9 years | $400 |
| Lusine Chinkezian | 3 years | $400 |

(Decl. of M. Potter in Supp. of Mot. ("Potter Decl."), ECF No. 43-4, ¶¶ 5–16.)

Plaintiff's counsel asserts that its rates have been accepted as reasonable numerous times in this district.  In 2011, counsel's rates were approved in this district by Judge Wilson.  (Mot. 5–6; *Salinas v. Rite Aid Lease Mgmt. Co.*, No. 10-cv-07499, 2011 WL 1107213 (C.D. Cal. Mar. 17, 2011) (approving rates of $375–$425/hour in 2011).)  Plaintiff's counsel reassessed its rates in 2019, following which this district again approved counsel's rates as reasonable.  (Mot. 6–7; *Lindsay v. Grupo Glemka*, No. 18-cv-05136 (C.D. Cal. July 19, 2019) (approving attorney rates from $400–$595/hour in 2019).)  Previous approval of counsel's rates is good evidence of the appropriate market rate.  *Margolin v. Regional Planning Comm'n*, 134 Cal. App. 3d 999, 1005 (1982).

The Court finds that the billing rates for Plaintiffs' counsel are reasonable in light of their experience and extensive experience in this area of the law.  The Court has considered that other courts in this district have approved the same or reasonably similar market rates, which present strong evidence of the prevailing market rate.  *United Steelworkers of Am. v. Phelps*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>**2:18-cv-09055 SJO (JCx)**</u> | **DATE:** <u>**April 8, 2020**</u> |

*Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The Court also takes into consideration the expert declaration of John D. O'Connor, which provides additional support that Plaintiff's counsel's billing rates are reasonable in light of counsel's experience and the prevailing market rate.  (*See generally* Decl. of John D. O'Connor in Supp. of Mot. ("O'Connor Decl."), ECF No. 43-9.)

      B.     <u>Hours Reasonably Expended</u>

Plaintiff's counsel argues that its firm assigns discrete tasks to each attorney in any given case.  (Mot. 12–13.)  As such, while the overall number of attorneys may be higher than usual, the attorneys' total hours and resulting costs are lower than they would be with other staffing strategies because the individual attorneys develop special skill and efficiency in their own assigned steps of the litigation process.  (Mot. 13.)  Plaintiff's counsel also avers that it has exercised billing judgment and excluded entries reflecting any duplication of efforts (such as reviewing another's work or becoming familiar with the file).  (Mot. 12–13.)  Plaintiff's counsel spent roughly 41 hours on the case for work relating to the pre-filing investigation, complaint drafting, emails, letters, phone conversations, court filings, this Motion, and other aspects of the case.  (Mot. 13.)  Plaintiff's counsel also includes an estimate for an additional 8 hours for review of the Opposition, Reply preparation, and oral argument.  (*Id.*)

The Court has reviewed Plaintiff's billing summary, including the summary table of billing entries (listing total hours, hourly bill, and litigation expenses), and Plaintiff's billing statement (six-page table listing date, description of task, biller, time billed in 0.1 increments, hourly rate, and total amount).  (Billing Summary, ECF No. 43-5.)  The Court finds that Plaintiff's counsel's bills are reasonable: the attorneys indeed appear to have both billed their time efficiently and also used their "billing judgment" to reduce or exclude entries that would reflect duplication of efforts or unnecessary work.

However, the Court modifies Plaintiff's estimate for the present Motion, given the limited scope of briefing and the Court's removal of the hearing from calendar.  Plaintiff estimated 10.3 hours for the briefing associated with this Motion and for attending the hearing on this matter.  Given Defendants' non-opposition, and there being no oral argument, the Court reduces the estimated fees to 2.3 hours, broken down so the estimate is consistent with Plaintiff's other time entries: 2 hours drafting Motion, 0.3 hours declaration drafting.   Subtracting 8.0 hours, at the billing rate of $450/hour for D. Price, **REDUCES the total fee by $3,600.** Thus, the new total for attorneys' fees is **$19,021.**

///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>**2:18-cv-09055 SJO (JCx)**</u> | **DATE:** <u>**April 8, 2020**</u> |

  C. <u>*Kerr* Factors</u>

Plaintiff does not seek a modification of the lodestar and makes no adjustments for the *Kerr* factors.  (Mot. 13–14.)

The Court agrees with Plaintiff that no modification of the lodestar is warranted here.

  D. <u>Costs</u>

Plaintiff seeks $851 in costs, comprised of the transcript cost ($51), filing fee ($400), and two investigations ($400).  (Mot. 18–19.)

Receiving no opposition from Defendants and having found Plaintiff's costs reasonable, the Court **AWARDS $851 in costs**.  *See Janey v. Beach Hut*, No. 05-cv-03856 SVW (JTLx), 2006 WL 4569361, *10 (C.D. Cal. Dec. 19, 2006) ("By nature of litigation, certain costs, such as those for a filing fee, service of process, messenger services, and travel, are unavoidable.").

**IV.** <u>**RULING**</u>

For the reasons stated above, the Court **GRANTS IN PART** Plaintiff's Motion.  Plaintiff is awarded $19,021 in fees and $851 in costs.

IT IS SO ORDERED.